**Michelle S. SALAZAR, a married woman, Plaintiff—Appellant,**

v.

**U.S. DEPARTMENT OF JUSTICE; John Ashcroft, Attorney General, in his capacity as the Attorney General of the United States; Federal Bureau of Prisons, Defendants—Appellees.**

No. 03–15665.

D.C. No. CV–99–01808–SMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided May 6, 2004.

Stephen G. Montoya, Phoenix, AZ, for Plaintiff–Appellant.

Cynthia M. Parsons, USPX—Office of the U.S. Attorney, Mark J. Wenker, U.S. Attorney's Office, Phoenix, AZ, for Defendant–Appellee.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM*

Michelle Salazar appeals the district court's grant of summary judgment on her Title VII, 42 U.S.C. § 2000e claims. The parties know the facts, and we recite them here only as necessary. We affirm summary judgment on Salazar's hostile environment claim and remand for reconsideration of her retaliation claim.[1]

Salazar first argued that her supervisor subjected her to a sexually and racially hostile work environment. Salazar suffered no tangible employment action, and thus Defendants may assert the affirmative defense enunciated in *Burlington Industries, Inc. v. Ellerth*[2] and *Faragher v. City of Boca Raton*.[3] The *Ellerth/Faragher* defense shields an employer from liability for a supervisor's harassment of an employee when the harassment results in no tangible employment action and two necessary elements are met: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise."[4]

■ The Bureau of Prisons maintained both anti-harassment policies and a sexual harassment prevention program. When Salazar complained about harassing behavior, the incidents were immediately investigated. Defendants thus satisfy the first prong of the defense.[5] Salazar did not complain about her supervisor's language for a significant time period after it began, and did not register an official complaint about the physical sexual contact with Lieutenant Arries for over a year and a half after the incident. Salazar unreasonably failed to take advantage of preventive or corrective opportunities available to her. Her inaction satisfies the second prong of the *Ellerth/Faragher* defense.[6] The defense thus shields Defendants from liability on the hostile environment claim. We therefore affirm summary judgment.

Salazar also argued that her supervisor retaliated against her when she acted to protect her Title VII rights. To establish a prima facie case of retaliation under Title VII, Salazar was required to show: "(1) [s]he engaged in a protected activity; (2)[her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1074 (9th Cir.2003) (stating this court reviews a grant of summary judgment *de novo*).

2. 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

3. 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

4. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807.

5. *Id.*

6. *Id.*

activity and the adverse action."[7] Salazar complained verbally and administratively regarding the actions of her supervisor, and thus engaged in a protected activity.[8]

"[A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity."[9] Unwarranted negative or reduced performance ratings and unwarranted denials of promotions can be adverse employment actions. *Ray,* 217 F.3d at 1241; *McGinest v. GTE Service Corp.,* 360 F.3d 1103, 1125 n. 19 (9th Cir. 2004). Prior to telling her supervisor her language was offensive, Salazar received positive performance evaluations. A jury could find that after she verbally and administratively complained, Salazar's supervisor repeatedly evaluated her work as "minimally satisfactory." Salazar's supervisor subsequently reduced her annual evaluation rating to "exceeds" rather than the "outstanding" which Salazar had previously consistently received (except for the 1998 evaluation). A jury could therefore further find that the "minimally satisfactory" entries in Salazar's performance log were themselves reasonably likely to deter protected conduct. In addition, while the facts adequately reflect that candidates with greater qualifications than Salazar obtained the positions of GS–12 Instructor, vacancy number 97–GLN–13, and Staff Training Academy Instructor, vacancy number 97–GLN–18, a valid question of fact remains as to whether Salazar was the applicant with the best qualifications for Employee Development Manager, vacancy number 00–WRO–163. A jury could possibly find that Salazar's assertion of her Title VII rights affected the latter application.

Based on the evidence presented, a valid question of fact exists as to whether Salazar's complaints caused the reduced performance ratings and played a part in her failure to obtain an employment position for which she applied. A rational trier of fact could possibly find that Salazar's "minimally satisfactory" evaluations were merely pretextually based on her performance and that her failure to obtain the position of Employment Development Manager were both actually consequences of and attempts to deter her assertion of her Title VII rights. Accordingly, we reverse summary judgment on the retaliation claim and remand for further proceedings.

AFFIRMED IN PART, REVERSED IN PART. Each party to bear its own costs.

---

**7.** *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000).

**8.** 42 U.S.C.2000e–3(a); *see Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000).

